IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES KYLE WILLIAMS,

    Plaintiff,
v.                                        CASE NO. 5:15-cv-336-WTH-GRJ

DAVID SWAIN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff thereafter filed an amended complaint on February 24, 2016, and a second amended complaint on May 10, 2016. (ECF Nos. 10, 15.) In his second amended complaint, Plaintiff brought a First Amendment retaliation claim against Defendant Captain David Swain and sought declaratory and injunctive relief, and compensatory and punitive damages as relief. (ECF No. 15.)

Defendant thereafter filed a motion to dismiss on December 14, 2016. (ECF No. 28.) Defendant argued that the second amended complaint should be dismissed for four reasons: (1) Plaintiff failed to state a claim for relief; (2) Plaintiff's claims for damages were barred pursuant to

the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e); (3) Plaintiff's claims for injunctive and declaratory relief were moot; and (4) Plaintiff's claims for damages against Defendant in his official capacity were barred by the Eleventh Amendment.

On May 22, 2017, the Court recommended that the motion to dismiss should be denied as to Plaintiff's First Amendment Claim and granted in all other respects. (ECF No. 31.) Specifically, although Plaintiff was not entitled to pursue compensatory and punitive damages against Defendant in his individual capacity because he did not allege that he suffered any physical injuries from Defendant's alleged threats, the Court recommended that Plaintiff was entitled to pursue nominal damages. Plaintiff did not include a request for nominal damages in his second amended complaint, nor did he include a general request that the Court award any relief deemed proper. Nonetheless, in light of Plaintiff's *pro se* status, the Court recommended that Plaintiff should be granted leave to file a third amended complaint limited to his First Amendment claim against Defendant in his individual capacity and include a request for nominal damages. The Court also recommended that Plaintiff be directed to file a third amended complaint within twenty days of the Court's order adopting the report and

recommendation. Plaintiff was informed of his right to file objections to the report and recommendation within fourteen days after being served a copy thereof.

On June 6, 2017, rather than filing objections to the report and recommendation or waiting for the district judge's order accepting the report and recommendation, Plaintiff immediately filed a third amended complaint. (ECF No. 32.) Although the third amended complaint contains only the First Amendment claim, as relief Plaintiff requested "nominal damages of $5,000.00 . . . ." (*Id.* at 6.)

The district judge accepted Plaintiff's third amended complaint on July 18, 2017, but noted that "[t]he Eleventh Circuit Pattern Jury Instructions for First Amendment retaliation claims allows a jury to 'award $1.00 in nominal damages and no compensatory damages' when a plaintiff proves a violation of a fundamental constitutional right but cannot prove actual injury." (ECF No. 33 at 2.) The district judge found that because a request for $5,000 is not a request for nominal damages, the relief requested in Plaintiff's third amended complaint did not comply with the directives of the report and recommendation. Accordingly, the district judge struck Paragraph VII of Plaintiff's third amended complaint, entitled "Relief

Requested," and directed Plaintiff to file an amended "Relief Requested" paragraph seeking only nominal damages within twenty days of receiving the Court's order. The Court advised Plaintiff that "[f]ailure to file an amended 'Relief Requested' paragraph, or filing of an amended 'Relief Requested' paragraph that does not conform to the directive of the preceding sentence, will result in dismissal of this action with prejudice *without further notice*." (*Id.* at 3) (emphasis added).

As of the date of this report and recommendation, Plaintiff has failed to file an amended "Relief Requested" paragraph as directed.[1]

A district court has the inherent authority to manage its own docket "to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Despite being warned that failure to file an amended "Relief

---

[1] The docket does not reflect that the Court's order dated July 18, 2017, was returned to the Court for inability to deliver as addressed.

Requested paragraph would result in dismissal of this action with prejudice without further notice, Plaintiff has failed to file an amended "Relief Requested" paragraph as directed, or otherwise respond to the Court's order. This case is therefore due to be dismissed for failure to prosecute and failure to comply with an order of the Court.

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed for failure to prosecute and failure to comply with an order of the Court, and the case be closed.

**IN CHAMBERS** this 5th day of September 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**